IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LONELL WHITLOCK, APONTE OMAR, | ) | |
| LATONYA MORGAN, ILLR SHEMITRAKU, | ) | |
| BRANDON HAWKINS, SANDRA HOUSTON | ) | |
| VILLAGE OF MAYWOOD and UNIDENTIFIED | ) | |
| OFFICERS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, DOMINIQUE STALLINGS, by and through her attorney,

GIGI GILBERT, and complaining of Defendants, LONELL WHITLOCK, APONTE OMAR,

LATONYA MORGAN, ILLR SHEMITRAKU, BRANDON HAWKINS, SANDRA HOUSTON,

VILLAGE OF MAYWOOD and UNIDENTIFIED OFFICERS, alleges as follows:

### NATURE OF THE CASE

1.      This suit arises from the violation of civil rights of Plaintiff, DOMINIQUE

STALLINGS, for illegal search and seizure, failure to intervene and *Monell* claims in violation of

Title 42 U.S.C. § 1983 and state law claims for battery, respondent superior and indemnification.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 Jurisdiction is based upon 28

U.S.C. §§ 1331, 1332 and 1367. The Court has supplemental jurisdiction over the state law claims

pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that

they form part of the same case or controversy under Article III of the United States Constitution.

1

## VENUE

3. The violation of civil rights alleged herein was committed within the Northern District of Illinois to wit: County of Cook, VILLAGE OF MAYWOOD. This action properly lies in the United States District Court, Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, DOMINIQUE STALLINGS, ("STALLINGS"), is a 36-year-old African American female who resides in Maywood, Illinois located in the Northern District of Illinois.

5. Defendants, LONELL WHITLOCK ("WHITLOCK"), APONTE OMAR ("OMAR"), LATONYA MORGAN ("MORGAN"), ILLR SHEMITRAKU ("SHEMITRAKU"), BRANDON HAWKINS ("HAWKINS") and UNIDENTIFIED OFFICERS were at all times relevant hereto, employed by the Maywood Police Department, an agent of the VILLAGE OF MAYWOOD and acting under color of state law. The VILLAGE OF MAYWOOD is a municipal corporation.

## BACKGROUND

6. On or about September 22, 2024, Plaintiff, STALLINGS, was standing outside of her residence on St. Charles, in Maywood, Illinois in the VILLAGE OF MAYWOOD.

7. Plaintiff, STALLINGS, was not committing any crimes or violations at the time of the illegal stop, search, and seizure.

8. Defendants, WHITLOCK, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS were driving in marked vehicles, stopped and/or seized STALLINGS.

9. After the illegal seizure, Defendant, WHITLOCK illegally searched STALLINGS without STALLINGS' consent or probable cause.

2

10. After the illegal seizure, Defendant, WHITLOCK illegally searched STALLINGS without probable cause reaching his hand inside her one-piece body suit by her buttocks and committed an unwelcomed sexual assault upon her.

11. STALLINGS had a valid concealed carry license and firearm owners' identification card.

12. STALLINGS displayed her Illinois concealed carry license to Defendant WHITLOCK.

13. Defendant WHITLOCK recovered a firearm inside of STALLINGS' bodysuit.

14. Defendant WHITLOCK illegally seized STALLINGS' firearm and concealed carry license.

**COUNT I - 42 U.S.C. § 1983 – ILLEGAL SEIZURE—FOURTH AMENDMENT**

15. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

16. On or about September 22, 2024 Defendants WHITLOCK, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS illegally seized STALLINGS by stopping her without probable cause that she was committing any violations or crimes and violated her constitutional right to be free from sexual assault by government official.

17. Defendants, WHITLOCK, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS violated Plaintiff, STALLINGS' Fourth Amendment rights under the United States Constitution to be free from illegal seizure and from sexual assault by government official in violation of 42 U.S.C. § 1983.

18. Defendants, WHITLOCK, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS's illegal seizure of STALLINGS was done with malice and/or reckless indifference to her federally protected rights.

3

19.     As a direct and proximate result of Defendants WHITLOCK, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS's actions, STALLINGS, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, LONELL WHITLOCK, APONTE OMAR, LATONYA MORGAN, ILLR SHEMITRAKU, BRANDON HAWKINS, SANDRA HOUSTON, and UNIDENTIFIED OFFICERS for the following relief:

(a)  Compensatory damages in an amount to be determined at trial;

(b)  Punitive damages in the amount to be determined at trial;

(c)  Reasonable attorneys' fees and costs; and

(d)  Such other and further relief as this court deems reasonable.

**COUNT II – 42 U.S.C. § 1983 – ILLEGAL SEARCH—FOURTH AMENDMENT**

20.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

21.     After Defendants WHITLOCK and OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS illegally stopped and seized STALLINGS without the consent of STALLINGS or probable cause Defendant, WHITLOCK illegally searched STALLINGS while the remaining Defendants detained STALLINGS.

22.     Defendant, WHITLOCK's illegal search of STALLINGS violated Plaintiff, STALLINGS's Fourth Amendment rights under the United States Constitution to be free from illegal searches and seizures in violation of 42 U.S.C. § 1983.

23.     Defendant, WHITLOCK's illegal search of STALLINGS was done with malice and/or reckless indifference to her federally protected rights.

4

24. As a direct and proximate result of Defendant WHITLOCK's actions, STALLINGS, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, LONELL WHITLOCK for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys' fees and costs; and

(d) Such other and further relief as this court deems reasonable.

**COUNT III – 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**

25. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26. Defendant WHITLOCK violated STALLING's right to bodily integrity protected by the Fourteenth Amendment Due Process Clause.

27. STALLINGS had a constitutional right to bodily integrity which WHITLOCK violated by reaching into her one piece body suit and committing a sexual assault.

28. Defendants, WHITLOCK violated Plaintiff, STALLINGS's Fourteenth Amendment Due Process Clause under the United States Constitution to be free from violation of bodily integrity in violation of 42 U.S.C. § 1983.

29. Defendant, WHITLOCK's violation of bodily integrity of STALLINGS was done with malice and/or reckless indifference to her federally protected rights.

30.     As a direct and proximate result of Defendant WHITLOCK's actions, STALLINGS suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, LONELL WHITLOCK for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys' fees and costs; and

(d) Such other and further relief as this court deems reasonable.

### COUNT IV – 42 U.S.C. § 1983 –FAILURE TO INTERVENE

31.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

32.     Defendants, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS failed to intervene although they were present and knew Defendant WHITLOCK illegally searched and sexually violated STALLINGS and did not take reasonable measures to intervene during WHITLOCK's illegal search despite having an opportunity to intervene.

33.     Under the totality of circumstances Defendants' OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS failure to intervene during WHITLOCK's illegal search was in violation of the Fourth and Fourteenth Amendment Rights of the United States Constitution and was in violation of said rights protected by 42 U.S.C. § 1983.

34. Defendants, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS failure to intervene during WHITLOCK's illegal search was done with malice and/or reckless indifference to STALLINGS' federally protected rights.

35. As a direct and proximate result of Defendants, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS failure to intervene, Plaintiff, STALLINGS suffered and continues to injuries, mental anguish, psychological and emotional distress, pain and suffering, and economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendants, APONTE OMAR, LATONYA MORGAN, ILLR SHEMITRAKU, BRANDON HAWKINS, SANDRA HOUSTON and UNIDENTIFIED OFFICERS for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys' fees and costs; and

(d) Such other and further relief as this court deems reasonable.

### COUNT V – 42 U.S.C. § 1983 –*MONELL* CLAIM – VILLAGE OF MAYWOOD

36. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37. The VILLAGE OF MAYWOOD failed to train, investigate and discipline its police officers regarding the proper procedures to utilize when searching females.

38. The VILLAGE OF MAYWOOD was deliberately indifferent to the constitutional rights of females in that it allowed its male police officers to search females when female police officers were present who could have conducted such searches.

39. As a direct and proximate result of Defendant, VILLAGE OF MAYWOOD's actions, Plaintiff STALLINGS suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, and economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, VILLAGE OF MAYWOOD for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Reasonable attorneys' fees and costs; and

(c) Such other and further relief as this court deems reasonable.

### COUNT VI -BATTERY-STATE LAW

40. Defendant WHITLOCK committed an intentional offensive physical contact against STALLINGS by reaching into her one-piece body suit and committing a sexual assault.

41. Defendant WHITLOCK's physical contact against STALLINGS was harmful and offensive.

42. Defendant WHITLOCK's physical contact against STALLINGS occurred without her consent.

43. As a direct and proximate result of Defendant WHITLOCK's actions, Plaintiff, STALLINGS suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, and economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, LONELL WHITLOCK for the following relief:

8

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Such other and further relief as this court deems reasonable.

## COUNT VII -RESPONDEAT SUPERIOR- STATE LAW

44. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

45. In committing the acts described in the preceding paragraphs, Defendants, WHITLOCK, OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS were members and agents of the Maywood Police Department an agent of the VILLAGE OF MAYWOOD and acting at all relevant times within the scope of their employment.

46. Defendant, VILLAGE OF MAYWOOD, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, VILLAGE OF MAYWOOD for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Reasonable attorney's fees and costs; and

(c) Such other and further relief as this court deems reasonable.

## COUNT VIII- INDEMNIFICATION- STATE LAW

47. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

48. Illinois law provides those public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

9

49.     Defendants, WHITLOCK OMAR, MORGAN, SHEMITRAKU, HAWKINS, HOUSTON and UNIDENTIFIED OFFICERS were employees of the Maywood Police Department an agent of the VILLAGE OF MAYWOOD, acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, DOMINIQUE STALLINGS, prays that this Honorable Court enter a judgment in her favor and against Defendant, VILLAGE OF MAYWOOD for the following relief:

(a)  Compensatory damages in an amount to be determined at trial;

(b)  Reasonable attorney's fees and costs; and

(c)  Such other and further relief as this court deems reasonable.

Respectively Submitted,

By: //s// Gigi Gilbert_____

Gigi Gilbert
Law Offices of Gigi Gilbert
53 W. Jackson, Suite #356
Chicago, IL 60604
(312) 554-0000
(312) 554-0015 fax
A.R.D.C.#: 6199394
gigigilbert@gigigilbert.com

10