**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOMINIQUE STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-013337 |
| | ) | |
| LONELL WHITLOCK, APONTE OMAR, | ) | Judge Sharon Johnson Coleman |
| LATONYA MORGAN, ILLR | ) | |
| SHEMITRAKU, BRANDON HAWKINS, | ) | |
| SANDRA HOUSTON | ) | |
| VILLAGE OF MAYWOOD and | ) | |
| UNIDENTIFIED OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dominique Stallings ("Plaintiff") brought suit against Defendants Officer Lonell Whitlock ("Officer Whitlock"), Officer Aponte Omar ("Officer Omar"), Officer Latonya Morgan ("Officer Morgan"), Officer Illr Shemitraku ("Officer Shemitraku"), Officer Brandon Hawkins ("Officer Hawkins"), Officer Sandra Houston ("Officer Houston"), Village of Maywood, and unidentified officers. Ms. Stallings alleges that Officer Whitlock conducted an illegal search and seizure of her concealed firearm; and that Officers Omar, Morgan, Shemitraku, and Hawkins failed to intervene to stop Officer Whitlock. Ms. Stallings pursues federal claims under 42 U.S.C § 1983, including municipality liability under *Monell*, as well as state law claims for battery*, respondeat superior*, and indemnification. For the following reasons, the Court grants in part and denies in part Defendants' motion to dismiss. Counts II and III of Ms. Stallings's complaint may proceed; all other Counts are dismissed without prejudice.

1

## BACKGROUND

The following factual allegations are taken from Ms. Stallings's complaint, dkt. 1, and are assumed true for purpose of resolving this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Defendants have submitted body-worn camera ("BWC") footage as exhibits with their motion; however, for reasons that will be discussed below, the Court declines to consider such footage at this time. *See* dkt. 1.

On September 22, 2024, Plaintiff was standing outside her residence in Maywood, Illinois. Defendant Officers were driving around in marked vehicles and stopped Ms. Stallings. During the stop, Officer Whitlock reached into the rear of Ms. Stallings's body suit and retrieved a concealed pistol. The complaint does not include any details that he first performed a protective frisk. Ms. Stallings alleges Officer Whitlock had neither consent nor probable cause for the search, and that she had a valid concealed carry license and firearm owner's identification card. She also alleges that Officer Whitlock sexually assaulted her during this search when he "reach[ed] his hand inside her one-piece body suit by her buttocks." Dkt. 1 ¶ 10.

On December 30, 2024, Ms. Stallings filed the present suit under 42 U.S.C. § 1983, alleging the search and seizure violated her Fourth and Fourteenth Amendment rights, and also asserting various state law claims. Dkt. 1. On April 4, 2025, Defendants moved to dismiss the complaint. Dkt. 17. The parties timely submitted their respective response and reply briefs, and the motion is now ripe for adjudication.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A

complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). When considering dismissal of a complaint pursuant to Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Trujillo v. Rockledge Furniture LLC.*, 926 F.3d 395, 397 (7th Cir. 2019).

**DISCUSSION**

Defendants moves to dismiss all eight counts of Ms. Stallings's complaint for failure to state a claim. The claims are as follows: Count I – Illegal Seizure; Count II – Illegal Search; Count III – Due Process Violation, bodily integrity; Count IV – Failure to Intervene; Count V – *Monell* claims; and Counts VI–VIII – state law claims of battery, *respondeat superior*, and indemnification. Defendants attached multiple exhibits to their motion, including BWC footage, and argue that the footage should be considered when deciding the motion. *See* dkt. 39 at *2–4. The Court will first address the propriety of considering the BWC footage when deciding a motion to dismiss before turning to the sufficiency of Ms. Stallings's complaint.

    **I.**       **Consideration of Body-Worn Camera Footage**

As a general matter, a motion to dismiss must be decided based only on the well-pleaded facts contained in a plaintiff's complaint. *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). The Defendant Officers argue the BWC footage contradicts Plaintiff Stallings's account of the *Terry* stop in her complaint. *See* Dkt. 20. at *6–11.; Dkt. 39 at *2–5. Defendants rely on *Esco v. City of Chicago*, which instructs courts that where video evidence unambiguously and irrefutably contradicts the complaint, the video evidence controls. 107 F.4th 673, 679 (7th Cir. 2024); *see also Eagan v. Dempsey*, 987 F.3d 667, 691 n.56 (7th Cir. 2021) (explaining, in the context of summary judgment, that consideration of contradicting video footage "is a narrow, pragmatic exception reserved for cases of

irrefutable evidence" (internal quotation marks and citations omitted)). However, in *Esco*, the Seventh Circuit noted that courts may consider BWC footage not attached to a plaintiff's complaint *when the complaint itself refers to such footage.* 107 F.4th at 678–79. This rule comports with the general principle of incorporation by reference; if a Plaintiff specifically references BWC footage in his or her complaint, even where the Plaintiff does not attach such footage to the filing, then it is fair game for consideration when deciding a motion to dismiss. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Here, and unlike in *Esco*, Ms. Stallings's complaint neither referenced the BWC footage nor attached the footage as exhibits to her complaint. *Compare* dkt. 1; *with* 107 F.4th at 678–79. As Ms. Stallings does not refer to the BWC footage in her complaint, the Court rejects Defendants' arguments and declines to consider the footage in ruling on Defendants' motion.

## II.      42 U.S.C. § 1983 Claims

Counts I–IV of Ms. Stallings's complaint alleges various violations of her constitutional violations pursuant to 42 U.S.C. § 1983. To be liable under § 1983, a defendant must have (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). There is no question that the Defendant Officers are state actors within the meaning of § 1983. *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000).

### a.  Illegal Search and Seizure

Counts I (illegal seizure) and II (illegal search) of Ms. Stallings's complaint allege violations of her Fourth Amendment rights by Officers Whitlock, Omar, Morgan, Shemitraku, Hawkins, Houston, and unidentified officers, in their official capacity. Dkt. 1. The parties agree Ms. Stallings's Fourth Amendment claims turn on whether she consented to the *Terry* stop or if the Defendant Officers had reasonable suspicion for the search and seizure. Dkt. 1 ¶ 2; Dkt. 17 ¶ 2.

4

Defendants argue Officer Whitlock had reasonable suspicion under *Terry* to search and seize Ms. Stallings. Dkt. 20 at *13–16. It is well established that police officers have the constitutional authority to conduct investigatory stops without a warrant when they have a reasonable suspicion of criminal activity, supported by articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *United States v. Street*, 917 F.3d 586, 593 (7th Cir. 2019). The officer does not need to be certain a person is armed and may approach to investigate potentially criminal behavior even though there may be no probable cause to make an arrest. *Terry*, 392 U.S. at 21, 27; *United States v. Bullock*, 632 F.3d 1004, 1012 (7th Cir. 2011). The facts are judged objectively based on the information available to the officer at the time of the stop. *Terry*, 392 U.S. at 21–22; *United States v. Shields*, 789 F.3d 733, 743 (7th Cir. 2015). While a less stringent standard than probable cause, reasonable suspicion must consist of more than a hunch. *Street*, 917 F.3d at 593. To determine whether an investigative stop was reasonable, the first inquiry is whether the officers' action was initially justified, and the second is "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Glenna*, 878 F.2d 967, 971 (7th Cir. 1989).

To meet the pleading standards of a motion to dismiss under Rule 12, plaintiffs must plead more than legal theories. *Reeves v. Jewel Food Stores, Inc.*, F.3d 698, 701 (7th Cir. 2014) (citing *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 742 (7th Cir. 2010)). Ms. Stallings complaint alleges she "was not committing any crimes" when the police stopped her. Dkt. 1 ¶ 7. This is the only fact Ms. Stallings provides to support her allegation of an unconstitutional stop. Merely alleging that she "was not committing any crimes" is insufficient to establish that reasonable suspicion did not exist. Therefore, Ms. Stallings's complaint fails to adequately assert that the Defendant Officers subjected her to an unconstitutional stop and this claim is dismissed.

Even though Ms. Stallings's complaint failed to plausibly allege an illegal stop, Officer Whitlock's search of Ms. Stallings may still have violated the Fourth Amendment if it exceeded the permissible scope of a *Terry* frisk. *See* 392 U.S. at 30. As the Seventh Circuit has observed, "Even when a *Terry* stop is justified, whether a frisk is also justified is a separate question." *United States v. Lopez*, 907 F.3d 472, 485 (7th Cir. 2018). Here, however, there allegedly was not even a frisk; instead, Officer Whitlock simply "reach[ed] his hand inside [Ms. Stallings's] one-piece body suit by her buttocks[.]" Dkt. 1 ¶ 10. While officers are allowed to perform protective frisks during a stop when they have reasonable articulable suspicion that an individual is armed or dangerous, *United States v. Oglesby*, 597 F.3d 891, 894 (7th Cir. 2010), that search must be "carefully limited" to outer clothing, *Terry*, 392 U.S. at 30. Additionally, "For a frisk to be lawful, it must be based on reasonable suspicion that 'criminal activity may be afoot and that the persons with whom [the officer] is dealing may be armed and presently dangerous.'" *Lopez*, 907 F3d at 485 (quoting *Terry*, 392 U.S. at 30). The complaint does allege that she did not give consent for such an invasive search. Dkt. 1 ¶ 9; *see Terry*, 392 U.S. at 17 (even a frisk of outer clothing is "a serious intrusion" rather than a mere "petty indignity"). Therefore, because Ms. Stallings's complaint does not indicate that Officer Whitlock (or any other Defendant Officer) had reason to believe that Ms. Stallings was armed, nor that Officer Whitlock first performed a preliminary protective frisk of her outer clothing, the Court finds that Ms. Stallings has stated a plausible claim that Officer Whitlock's search went beyond what is permitted under the Fourth Amendment. Accordingly, the Court grants Defendants' motion as to Count I but denies the motion as to Count II.

### b. Violation of Bodily Integrity – Fourteenth Amendment Due Process Claim

Count III alleges Officer Whitlock violated Ms. Stallings's right to bodily integrity under the Due Process clause of Fourteenth Amendment. Dkt. 1 ¶ 26. Defendants argue the existence of reasonable suspicion (and/or probable cause) constitutes a defense to Ms. Stallings's claim of sexual

assault in violation of the Fourteenth Amendment (as well as to her related state law battery claim). Dkt. 20 at *25; *see also* dkt. 39 at *12–14. However, the Court has already found that Ms. Stallings has sufficiently alleged that Officer Whitlock lacked reasonable suspicion to search inside her body suit. Accordingly, for the purpose of the present motion, reasonable suspicion cannot justify Officer Whitlock placing his hand inside Ms. Stallings's clothes on or near her buttocks. Additionally, even if the Defendants Officers had reasonable suspicion, Ms. Stallings correctly asserts that no amount of reasonable suspicion can justify sexual assault (*i.e.* touching the genitals or sexual areas of another person without consent). Dkt. 38 at *7; *see Hess v. Garcia*, 72 F. 4th 753, 756 (2023) ("Sexual assault never serves a legitimate governmental purpose."). Under *Terry*, a search done with reasonable suspicion may still violate the Fourth Amendment due to its scope and intensity. 392 U.S. at 18. But for present purposes, with allegedly no reasonable suspicion for a search, Ms. Stallings's has sufficiently pleaded a claim for Fourteenth Amendment violation of bodily integrity. The Court therefore denies Defendant's motion as to Count III.

### c. Failure to Intervene

Count IV alleges the witnessing Officers Omar, Morgan, Shemitraku, Hawkins, Houston, and unidentified officers failed to take reasonable steps to intervene during Officer Whitlock's search of Ms. Stallings. As an initial matter, the Court observes that, Ms. Stallings's response to Defendants' motion only briefly and insufficiently addressed this count. Thus, she has arguably waived any opposition to Defendants' argument that Count IV should be dismissed. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver," and "silence leaves us to conclude a concession."). However, the Court also finds that the complaint does not adequately allege that the other Defendant Officers failed to intervene in her alleged deprivation of rights.

To establish a claim for failure to intervene, Ms. Stallings must show that the Defendant Officers (1) knew a fellow officer was violating a constitutional right; (2) had a realistic opportunity to intervene; and (3) failed to do so. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Ms. Stallings's complaint does not allege facts sufficient to establish these elements of her claim. The complaint only provides conclusory allegations that Defendant Officers were present during Officer Whitlock's search of Ms. Stallings and failed to intervene, without pleading any specific facts about what the other Defendant Officers were doing. *See* dkt. 1 ¶¶ 31–35. Nothing in the complaint permits the Court to draw any conclusion as to whether the other Defendant Officers knew about Officer Whitlock's search, much less that he was allegedly violating Ms. Stallings's rights. *Yang*, 37 F.3d at 285. Nor does the complaint provide any details about what opportunities the other Defendant Officers may have had to intervene in the alleged deprivation of rights. *Id.* Without more, this Court cannot find that Ms. Stallings has sufficiently alleged a failure to intervene claim. According, the Court grants Defendants' motion to dismiss as to Count IV.

### d. *Monell* Claim against Village of Maywood

Count V of Ms. Stallings's complaint alleges a *Monell* claim against the Village of Maywood for failure to train, investigate, and discipline police officers on the proper procedures when searching women. Dkt. 1 ¶¶ 36–39. "[T]o prevail on a § 1983 claim against a municipality under *Monell*, a plaintiff must challenge conduct that is properly attributable to the municipality itself." *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). A plaintiff may demonstrate municipal liability by showing that the constitutional deprivation was caused by (1) an express municipal policy; (2) a *de facto* widespread custom or practice; or (3) a decision by a municipal agent, who had final policymaking authority. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 765 (7th Cir. 2021). In addition, plaintiffs must show that the municipality's action was the "moving force"

behind their constitutional deprivations and the municipality was "deliberately indifferent" to plaintiff's constitutional rights. *LaPorta*, 988 F.3d at 986–987.

Ms. Stallings's *Monell* claim fails to meet the plausibility standard to survive a motion to dismiss. While Ms. Stallings alleges the municipality failed to train their officers and that their officers acted deliberately indifferent during Officer Whitlock's search of Ms. Stallings, neither the complaint nor the response to defendant's motion to dismiss point to any express municipal policy regarding police searches of women or any other similar incidents to support her claim. *See generally* dkt. 1; dkt. 38. The complaint also fails to point to any "pattern[s] of similar constitutional violations" that would give rise to a widespread practice required for *Monell* claims. *Fields v. City of Chicago*, 981 F.3d 534, 562 (7th Cir. 2020). Lastly, Ms. Stallings's response to Defendant's motion to dismiss addresses neither of these claims, and as such, these claims are waived. *See Bonte*, 624 F.3d at 466.

### III. State Law Claims

Count VI (battery) alleges a violation of Illinois state law by Officer Whitlock, and Counts VII (*respondeat superior*) and VIII (indemnification) allege that the Village of Maywood is legal and financially responsible for the Defendant Officers' actions under state law. Defendants argue that Officer Whitlock is immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202, and that the Village of Maywood accordingly has no imputed liability under Illinois law, *id.* § 10/2-109. Ms. Stallings did not respond to Defendant's motion on these claims; her failure to respond operates as a waiver. *See Bonte*, 624 F.3d at 466. Accordingly, her state law claims will be dismissed.

**CONCLUSION**

9

The Court grants Defendants' motion to dismiss [17] on Counts I and IV–VII. The Court dismisses these Counts without prejudice to give Ms. Stallings the opportunity to cure the pleading deficiencies identified in this opinion.

**IT IS SO ORDERED.**

Date: 3/30/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

10