**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOMINIQUE STALLINGS,<br><br>Plaintiff,<br><br>v.<br><br>LONELL WHITLOCK, APONTE OMAR, and VILLAGE OF MAYWOOD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-cv-13337<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dominique Stallings ("Stallings") alleges that Defendants Officer Lonell Whitlock ("Whitlock") and Officer Aponte Omar ("Omar"; and, together, "Defendant Officers") stopped her without reasonable suspicion, illegally searched her person, committing sexual assault in the process, and violated her Second Amendment rights by seizing a firearm found inside her bodysuit. She also alleges that Defendant Village of Maywood ("the Village") is liable for the Defendant Officers' actions through indemnification obligations and on the basis of *respondeat superior*.

Before the Court today is Defendants' motion to dismiss Stallings's amended complaint. The Court grants the motion in part and denies it in part. The Court agrees that Stallings has adequately alleged neither a Second Amendment violation nor any cause of action for which the Village could be responsible under *respondeat superior*. However, the Court previously permitted Stallings' claims of illegal search and violation of bodily integrity to proceed against Whitlock, and nothing in the amended complaint disturbs that analysis. Additionally, Stallings has adequately alleged that Omar participated Whitlock's allegedly unconstitutional acts or at least could have intervened to stop them. As such, the Court dismisses only Counts III and IV of the amended complaint.

## BACKGROUND

The following factual allegations are taken from Stallings's amended complaint, dkt. 49 [hereinafter Am. Compl.], and are assumed true for purpose of resolving this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

On September 22, 2024, Plaintiff Dominique Stallings was standing outside her residence in Maywood, Illinois, at night, looking for a gold chain. Defendant Officers approached Stallings and stopped her, allegedly without any reasonable articulable suspicion. During the stop, Defendant Whitlock reached into the rear of Stallings's body suit, on or by her buttocks, and retrieved a concealed pistol. Defendant Omar held Stallings's arm while Whitlock conducted the search. Neither Officer had performed an initial protective frisk. Stallings had a valid concealed carry license and firearm owner's identification ("FOID") card. She showed her concealed carry license to Whitlock, who then seized the firearm, concealed carry license, and FOID card.

On December 30, 2024, Stallings filed her initial complaint in this case. Dkt. 1. On March 30, 2026, the Court granted in part and denied in part a previous motion to dismiss. *Stallings v. Whitlock*, No. 1:24-CV-013337, 2026 WL 879443 (N.D. Ill. Mar. 30, 2026) [hereinafter *Stallings I*] (Coleman, J.). Stallings filed her amended complaint on June 18, 2026, and Defendants moved to dismiss the amended complaint on July 14, 2026. Dkt. 54; *see also* dkt. 59 (amended motion to dismiss). The parties timely filed their respective response and reply briefs, after which the Court took the matter under advisement.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A

complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). When considering dismissal of a complaint pursuant to Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Trujillo v. Rockledge Furniture LLC.*, 926 F.3d 395, 397 (7th Cir. 2019).

## DISCUSSION

Stallings's amended complaint contains five Counts, as follows: Count I, Illegal Search (Fourth Amendment); Count II, Violation of Bodily Integrity (Fourteenth Amendment); Count III, Violation of the Right to Bear Arms (Second Amendment); Count IV, *respondeat superior* liability for the Village; and Count V, indemnification owed by the Village. Defendants have moved to dismiss all claims.

### I. Illegal Search (Counts I)

The Fourth Amendment (which is made applicable to the States through the Fourteenth Amendment) protects the people against unreasonable searches and seizures by government agents. Under *Terry v. Ohio*, a police office may conduct a brief investigatory stop based on reasonable articulable suspicion. 392 U.S. 1, 21–22 (1968); *see also United States v. Street*, 917 F.3d 586, 593 (7th Cir. 2019). During a *Terry* stop, an officer may also conduct a quick frisk for weapons; and, if a weapon is "immediately apparent" during that frisk, then probable cause has been established for the police to conduct a more invasive search to potentially seize the weapon for the protection of officers and other nearby people. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). However, a protective frisk must be based on reasonable suspicion that an individual is armed or dangerous, *United States v. Oglesby*, 597 F.3d 891, 894 (7th Cir. 2010), and the search must be "carefully limited" to outer clothing, *Terry*, 392 U.S. at 30.

In its previous order, the Court found that Whitlock committed an illegal search beyond the bounds of what *Terry* permits because Stallings alleged that the police did not conduct an initial frisk. *Stallings I* at *3. Instead, Stallings claimed that Whitlock simply reached his hand into her bodysuit, without anything in the allegations indicating that Stallings's gun was immediately apparent to Whitlock. *Id.* Nothing in the amended complaint disturbs the Court's finding that Stallings adequately alleged that Whitlock conducted an illegal search.

The amended complaint also claims that Omar is liable for the allegedly illegal search. Although Stallings alleges that Omar "grabbed and held her arm" while the search occurred, Defendants contend that this is not sufficient to establish that Omar participated in the search or that he knew that Whitlock lacked probable cause to reach his hand inside Stallings's bodysuit. The Court disagrees. It is well established that "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Here, the allegation that Omar grabbed and held Stallings's arm while Whitlock searched her is sufficient to state a claim that Omar directly participated in and helped Whitlock conduct an illegal search.

Moreover, even if Omar did not directly participate, Stallings has also adequately pleaded that Omar failed to intervene to stop Whitlock. Under § 1983, an officer may be held liable when he or she had reason to know a constitutional violation was being committed and had a realistic opportunity to intervene. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here, the Court must draw every reasonable inference in Stallings's favor, particularly with respect to allegations about a defendant's state of mind. *See Air Line Pilots Ass'n, Intern. v. Dept. of Aviation of City of Chicago*, 45 F.3d 1144, 1154 (7th Cir. 1995). Stallings alleges that neither officer conducted a protective frisk before searching the inside of her clothing. It is reasonable to assume that Omar was aware of what was happening right next to him and that he therefore knew that no frisk had been conducted. Given that he was holding

on to Stallings's arm, it is also reasonable to assume that he had a reasonable opportunity to prevent Whitlock's allegedly illegal search. These allegations are therefore sufficient to state a claim that Omar participated in an illegal search and/or failed to intervene to stop it.

Stallings has adequately stated a claim for illegal search against both officers. The motion to dismiss is denied with respect to Count I.

## II. Violation of Bodily Integrity (Count II)

The Fourteenth Amended protects an individual's right to bodily integrity against sexual assault by government agents. *Hess v. Garcia*, 72 F.4th 753, 765 (7th Cir. 2023). To offend the U.S. Constitution (as distinguished from statutory and common law), a sexual assault must be intentional. *Id.* at 756, 765, 767. Defendants argue that Stallings has not alleged any facts allowing the Court to infer that Whitlock intended to commit sexual assault against her. However, the Court has already found, in its previous order, that Stallings adequately pled a claim for violation of bodily integrity against Whitlock. *Stallings I* at *4. Stallings's allegations, if true, establish that Whitlock reached his hand into Stallings's bodysuit, without probable cause or even reasonable suspicion that a weapon would be found. It is therefore reasonable to infer that Whitlock intended to sexually assault Stallings. *Id.* As with the illegal search claim, nothing in the amended complaint disturbs this finding.

The Court also finds that Stallings has adequately pled a claim for violation of bodily integrity against Omar, for much the same reasons as discussed above with respect to Omar's alleged involvement in an illegal search. Stallings claims that Omar held onto her arm while the sexual assault occurred. That alone likely states a claim for participation in the constitutional violation. It is reasonable to infer that Omar knew that Whitlock's decision to reach his hand into Stallings's bodysuit constituted an illegal search, and that Omar was aware that reaching into Stallings's bodysuit by her buttocks, when not justified by probable cause, would constitute a violation of Stallings's bodily

integrity. As such, the complaint also adequately pleads that Omar could have intervened but failed to do so. The Court therefore denies the motion to dismiss with respect to Count II.

## III. Violation of the Right to Bear Arms (Count III)

Stallings's amended complaint adds a new claim that the Defendant Officers violated her Second Amendment right to bear arms by illegally seizing her pistol, as well as her concealed carry license and her FOID card. She also alleges that the Defendant Officers violated her Second Amendment rights by reporting their encounter with her to the Illinois State Police, who subsequently revoked her FOID card. Defendants argue that these claims fail as a matter of law.

With respect to Stallings's claim that the allegedly illegal seizure of her pistol constituted a violation of the Second Amendment, Defendants correctly point out that no Supreme Court or Seventh Circuit precedent establishes that the Second Amendment is violated by police seizure of a *particular* gun. Curtailment of one's right to own or carry guns *in general* may create a Second Amendment violation, but even that rule is subject to exceptions. *See generally, e.g., United States v. Rahimi*, 602 U.S. 680 (2024). Although the Seventh Circuit has not established precedent on this question, it did discuss the issue in *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 571–72 (7th Cir. 2014). There, the Seventh Circuit quoted with approval an Eighth Circuit opinion establishing that seizure of a particular gun may implicate the Fourth and Fourteenth Amendments, but not the Second Amendment. *See Walters v. Wolf,* 660 F.3d 307, 317–18 (8th Cir. 2011). The *Sutterfield* panel also implied that any Second Amendment claim is unlikely to survive the return of a weapon by the police. 751 F.3d at 572. This Court also notes that a long line of Supreme Court cases, beginning at least with *Terry*, establishes that the police are justified by officer safety in seizing a weapon they discover. *See* 392 U.S. at 27. As noted above, Stallings has adequately alleged that the search inside her bodysuit was illegal. But, regardless of the search's legality, once the weapon was discovered, the police were likely justified in seizing it temporarily. And, even if they were not, the lack of clear precedent in this circuit

on this matter provides an ironclad defense for the Defendant Officers under the doctrine of qualified immunity. *See, e.g., Jackson v. City of Madison*, 176 F.4th 1005, 1030–32 (7th Cir. 2026) (Jackson-Akiwumi, concurring) (even in a case where a constitutional violation is almost certain, the Supreme Court's current understanding of qualified immunity will protect police from liability unless a previous case with near-identical facts has already found a constitutional violation).

Stallings's allegation that the police violated her Second Amendment rights by reporting their encounter with Stallings to the Illinois State Police, which led to the revocation of her FOID card, also fails to state a claim. Defendants convincingly argue that any decision to revoke Stallings's FOID card was made by the Illinois State Police, not by Whitlock, Omar, or the Village. *See* 430 ILCS 65/8.1(d) ("The Illinois State Police shall determine whether to revoke the person's Firearm Owner's Identification Card under Section 8 of this Act."). Although Defendants may have provided some information to the State Police, they correctly contend that they cannot be held liable as a matter of constitutional law for a decision made by another party. As noted above, liability under § 1983 requires personal participation in the constitutional violation. *Colbert*, 851 F.3d at 657. Here there is no allegation that any defendant participated in any way in the *decision* to revoke Stallings's FOID card. As such, the Court grants the motion to dismiss with respect to Count III, with prejudice.

## IV. *Respondeat superior* liability (Count IV)

Defendants argue that Count IV of the amended complaint must be dismissed because Stallings has not asserted any torts against the Defendant Officers or directly against the Village. *Respondeat superior* liability does not apply for violations of 42 U.S.C. § 1983, *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978), and it cannot attach for a public entity unless the public entity's employee is liable for a tort, 745 ILCS 10/2-109. Stallings agrees that the amended complaint does not adequately state a claim for *respondeat superior* liability. Dkt. 64 at *2. She instead requests leave to file a second amended complaint, which would include state law torts. *Id.*

It is clear that Count IV in the amended complaint does not state a claim. As such, the Court grants the motion to dismiss with respect to Count IV. Stallings may file an amended complaint within twenty-one days of this order to add claims arising under Illinois law. However, if Stallings wishes to add or amend any claims arising under federal law, she must first file a motion seeking leave of the Court (or seek permission from Defendants).

**V. Indemnification (Count V)**

Finally, Stallings claims that the Village is obligated to indemnify Whitlock and Omar for any tort judgment she might win against them. Defendants have moved to dismiss this Count as well, but only on the assumption that all other claims against Whitlock and Omar should also be dismissed. *See* dkt. 59 at *2. Since the Court has permitted the claims against Whitlock and Omar in Counts I and II to proceed, there is no basis for dismissing Count V.

## CONCLUSION

The Court grants in part and denies in part Defendants' second motion to dismiss [59]. Count III of Plaintiff's amended complaint is dismissed with prejudice. Count IV of the amended complaint is dismissed without prejudice. Plaintiff may file a second amended complaint within twenty-one days of this order to add claims arising under Illinois state law. However, Stallings may not add or amend any claims arising under federal law unless she first seeks leave from the Court, or from Defendants. Counts I, II, and V of the amended complaint may proceed.

**IT IS SO ORDERED.**

Date: 11/24/2026

Entered: ______________________
SHARON JOHNSON COLEMAN
United States District Judge